United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
(214) 767-1075

Erin Schmidt,
for the United States Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **Burt Lee Burnett** | § | Case No. 17-42678-RFN-7 |
| | § | |
| **Debtor-in-Possession** | § | Hearing:    September 7, 2017 |
| | § | 1:30 p.m. |

**Motion By the United States Trustee for the Appointment of Chapter 11 Trustee under 11
U.S.C. § 1104(a), or, in the Alternative, to Convert Case to Chapter 7 or Dismiss under 11
U.S.C. § 1112(b)**

TO THE HONORABLE RUSSELL F. NELMS, UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves for an order directing the appointment of a chapter 11 Trustee under 11 U.S.C. § 1104(a).  In the alternative, the United States Trustee seeks conversion or dismissal of this case under 11 U.S.C. § 1112(b).  The United States Trustee would show:

**Overview**

A chapter 11 trustee should be appointed because 1) Debtor has been suspended from practicing law for one year due to professional misconduct; 2) Debtor and his law office, The Burnett Law Firm, are currently the subject of a number of pending civil suits alleging malpractice, misappropriation of client funds, and breach of fiduciary duty; and 3) Debtor has been attending an in-patient rehabilitation facility for alcoholism since early June 2017.  At best,

1

Debtor's failure to adequately maintain the affairs of his law firm constitutes gross mismanagement.  At worst, Debtor may have participated in actual fraud and dishonesty.  The Court should direct appointment of a chapter 11 trustee both because cause exists and because it in the best interests of creditors of the estate.  11 U.S.C. § 1104(a)(1) and (2). In the alternative, cause exists to either convert this case to chapter 7 or dismiss under 11 U.S.C. § 1112(b).

### **Jurisdiction**

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a)(1), and the standing order of reference.  Appointing a trustee or examiner impacts the case administration and therefore is a core matter that the Court has the power to resolve.  28 U.S.C. § 157(b)(2)(A).

2. The United States Trustee has standing to seek appointment of a trustee or examiner.  11 U.S.C. §§ 307, 1104.

### **Facts**

General background

3. On June 30, 2017, Debtor's wife, Rebeca Burnett, filed a voluntary chapter 11 petition on behalf of Burt L. Burnett ("Debtor") with power of attorney.

4. Debtor and his wife have two minor sons.

5. Debtor indicated on his petition that his debts are primarily business in nature.

Fraud and malpractice allegations

6. Debtor previously practiced personal injury law in Abilene through The Burnett Law Firm, PLCC ("The Burnett Law Firm").

7. In June 2017, Debtor began his one year suspension from the practice of law in Texas due to professional misconduct.

8. Debtor and his firm, The Burnett Law Firm, are currently the subject of at least seven pending civil suits filed by at least four different attorneys/firms ("Client Lawsuits") which allege that Debtor has committed malpractice, misappropriated client funds, failed to disperse owed funds, and breached his duties to clients as a fiduciary:

   A. Aylois Cook v. The Burnett Law Firm, PLLC and Burt Lee Burnett, Case No. 11034-D, filed by Mark Nacol in the 350th District Court of Texas.

   B. Nancy Vaughn Edwards, Darlene Vaughn King, and James Buster King, Jr. v. The Burnett Law Firm, PLLC and Burt L. Burnett, Individually, Case No. 49619-A, filed by Bret Wagner in the 42nd District Court of Texas.

   C. Joseph E. Taylor and Charles R. Taylor, Jr. v. Burt Lee Burnett and the Burnett Law Firm, PLLC, Case No. 49687-A, filed by Kelly Gill in the 42nd District Court of Texas.

   D. Ravi Rayasam and Musa Ghanayem, Individually, and Ghanayem and Rayasam, LLC v. The Burnett Law Firm, PLLC and Burt L. Burnett, Individually, Case No. 11136-D, filed by Benedict James in the 350th District Court of Texas.

   E. Jody Montoya v. The Burnett Law Firm, PLLC and Burt L. Burnett, Case No. 11138-D, filed by Benedict James in the 350th District Court of Texas.

   F. Omar Thompson v. The Burnett Law Firm, PLLC and Burt L. Burnett, Case No. 49742-A, filed by Benedict James in the 42nd District Court of Texas.

   G. Jerry Tarr v. the Burnett Law Firm, PLLC and Burt L. Burnett, Case No. 27064-B, filed by Benedict James in the 104th District Court of Texas.

9. Specifically, these former clients have alleged that Debtor has failed to fully disperse client funds from settlements; negotiated settlements without advising clients, obtaining consent,

or even notifying them of the settlements; failed to pay attorney's fees owed; and improperly paid personal expenses with client funds from his IOLTA.

10.     Debtor contends that these misappropriations and injuries to clients are the result of a former associate.

11.     In early June 2017, Debtor was admitted for thirty days into a facility for alcohol detoxification and treatment in Hunt, Texas. Debtor currently is undergoing treatment in Colorado.

12.     Debtor's wife, Rebeca Burnett, through a power of attorney, is currently administering Debtor's estate and law practice.

Assets and Liabilities

13.     Debtor averred on Schedule A/B that he owns real estate valued at $3,403,760 and $571,692.16 in personal property. [docket no. 19].

14.     Debtor scheduled the following real estate interests on Schedule A/B:

  A. A homestead located at 24 Winged Foot Circle, Abilene, Texas, with a scheduled value of $550,000;

  B. Four tracts of land (approximately 867 acres) in Fisher and Nolan Counties, Texas ("Ranch") with a combined value of $1,701,832.50;

  C. An office building located 342 Cedar St., Abilene, Texas valued at $625,000 ("Office");

  D. A small lot of 2.999 acres with a mobile home in Sweetwater, Texas, valued at $42,587.50;

  E. A house located in Sweetwater, Texas valued at $55,000;

  F. A lot of 2.17 acres in Nolan County Texas, valued at $4,340;

    G. Two one-half interests in sixty acres in Jones County and one-hundred acres in Fisher County, with combined value of $290,000;

    H. 3.42 acres with a house in Nolan County valued at $135,000.

[docket no. 19, Schedule A/B].

15. In June 2017, Nelson Farm and Ranch Appraisals issued an appraisal valuing the Ranch at $1,018,950.

16. Debtor's personal property includes the following:

    a. Vehicles worth $213,255;

    b. Personal and household items worth $19,701; and

    c. Financial assets valued at $338,766.16.

[docket no. 19, Schedule A/B].

17. Debtor's financial assets include six financial accounts with a combined cash value of $5,702.81; six business entities; and a thirty year structured settlement annuity of $10,563.35/month.

18. One of the business entities is Team Burnett Cattle, LLC, which is valued at $322,500 and 100% owned by Debtor.

19. Debtor has scheduled a number of causes of action with unknown values as assets of the estate. One of these causes of action includes a claim against a former associate for breach of fiduciary duty, conversion, and fraud.

20. Ms. Burnett appears to have community property interests in certain assets, including but not limited to the office building at 342 Cedar Street, the 3.42 acres located in Nolan County, and Debtor's vehicles.

21.     Debtor scheduled $1,814,346.40 of secured debt, $57,628.46 of unsecured priority debt, and $618,098.82 of general unsecured debt. [docket no. 19, Schedules D and E/F].

## Legal Analysis and Argument

<u>Appointment of a trustee required where there is a finding of cause or where it is in the best interest of creditors</u>

22.     The United States Trustee is charged with monitoring the federal bankruptcy system. *See* 28 U.S.C. § 586(a)(3). *See also United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994).

23.     Before confirmation, the Court "shall order the appointment of a trustee . . . for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause." 11 U.S.C. §1104(a)(1). Alternatively, the Court must appoint a trustee "if such appointment is in the interest of the creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2).

24.     The duties of a trustee are defined in § 1106, and the Court has the ability to tailor some of them. 11 U.S.C. § 1106(a).

25.     "Cause" to appoint a trustee may be a reason other than the enumerated factors. *Oklahoma Ref. Co. v. Blaik (In re Oklahoma Ref. Co.)*, 838 F.2d 1133, 1136 (10th Cir. 1988); *cf. Little Creek Dev. Corp. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Corp.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (defining "cause" in context of dismissal statute).

26.     Courts have appointed trustees when the debtor's insiders have conflicts of interest arising from the sale of the Debtor's assets. In *Cajun Electric*, the Fifth Circuit affirmed the appointment of a trustee, in part, because the co-operative members were interested in

6

purchasing part or all of Cajun Electric's assets. *Cajun Elec. Power Cooperative, Inc. v. Central Louisiana Elec. Co., Inc. (In re Cajun Elec. Power Cooperative, Inc.)*, 69 F.3d 746, 751 (5th Cir. 1995) (Garza, J., dissenting), *adopted as majority opinion on reh'g,* 74 F.3d 599 (5th Cir. 1996). The Fifth Circuit held that "a trustee may be the only effective way to pursue reorganization" when the management has cross-purposes. *Cajun Elec.*, 69 F.2d at 751.

27. Two circuits have held that "cause" exists when appointing a chapter 11 trustee "is the only effective way to pursue reorganization." *Cajun Elec. Power Coop., Inc. v. Central La. Elec. Coop., Inc. (In re Cajun Elec. Power Coop., Inc.),* 74 F.3d 599, 600 (5th Cir.) (adopting on rehearing the opinion of dissent in 69 F.3d 746, 751), cert. denied, 519 U.S. 808 (1996); *see also In re Marvel Entertainment Group, Inc.*, 140 F.3d 463 (3d Cir. 1998) (adopting reasoning of *Cajun Electric* and affirming appointment of trustee when acrimony between debtor's management and creditors undermined any ability to prosecute bankruptcy case). While *Cajun Electric* and *Marvel* have factual distinctions, both *Cajun Electric* and *Marvel* focused on the underlying problem that exists in this case: this case can proceed properly through the chapter 11 process only if a chapter 11 trustee is appointed.

Cause exists to appoint a chapter 11 trustee

28. Debtor has been accused of malpractice, misappropriation of client funds, and breach of fiduciary duties to former clients. Debtor has also been suspended from practicing law for a year. Additionally, Debtor is currently undergoing treatment for alcoholism. Cumulatively, the facts and allegations in this case establish, at best, incompetence and gross mismanagement of Debtor's affairs such that cause exists to appoint a trustee. Even if Debtor were able to establish that his clients were defrauded through the actions of a former associate, this defense would, at best, establish gross mismanagement of his financial affairs in that Debtor failed to properly

supervise his law practice. At worst, the facts and allegations may establish that Debtor has committed actual fraud and acted with dishonesty in his representation of clients. In this instance, cause would also exist to appoint a trustee for cause.

29. Even if the allegations by Debtor's former clients are ultimately not proven up, the number of pre-petition lawsuits indicates that creditors have lost confidence in Debtor's management of money. *See In re Cajun Electric Power Co-Op, Inc.,* 191 B.R. 659, 661 (M.D.La. 1995), *aff'd, In re Cajun Electric Power Co-Op, Inc.*, 74 F.3d 599 (5th Cir. 1996). This acrimony between Debtor and his former clients also constitutes cause for appointment of a chapter 11 trustee.

30. Debtor's wife and attorney in fact, Ms. Burnett, has a conflict of interest in acting as a fiduciary because Texas is a community property state. Debtors owe a fiduciary duty to the estate. *CFTC v. Weintraub*, 471 U.S. 343, 355, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985); *Wolf v. Weinstein*, 372 U.S. 633, 649-50, 83 S. Ct. 969, 10 L. Ed. 2d 33 (1963). This fiduciary duty consists of the duty of care and the duty of loyalty; the duty of care requires the fiduciary to make good faith decisions, and the duty of loyalty requires the fiduciary to "refrain from self-dealing, to avoid **conflicts of interests** and the **appearance of impropriety**, to treat all parties to the case fairly and to maximize the value of the estate." *Lange v. Schropp (In re Brook Valley VII)*, 496 F.3d 892, 900-01 (8th Cir. 2007)(emphasis added).

31. Ms. Burnett acting as Debtor's attorney in fact creates an appearance of impropriety due to these conflicts of interest. Retaining community assets may be in her best interests. Therefore, an independent trustee should be appointed to evaluate Debtor's assets and liabilities and determine the best course of action going forward.

It is in the best interests of creditors to appoint a chapter 11 trustee.

32. Appointment of a chapter 11 trustee is also in the best interests of creditors, equity security holders, and other interests of the estate. The Court should direct the appointment of a chapter 11 trustee to serve the "interests of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. §1104(a)(2).

33. It is in the best interests of creditors to have an independent trustee assume control over the estate. Currently, Debtor and his law firm are the subject of a number of civil suits in which previous clients allege Debtor has breached his fiduciary duties. Additionally, Debtor is currently in a Colorado treatment facility while his wife administers the estate on his behalf. A neutral trustee can determine how best to proceed, including the liquidation of Debtor's considerable assets. Given that Debtor is suspended from the practice of law, there is no business to reorganize. A chapter 11 trustee would assist in maximizing estate asset sales proceeds for the benefit of creditors. Therefore, it is in the best interests of creditors and the estate to appoint a chapter 11 trustee.

<u>Alternatively, cause exists to convert or dismiss case</u>

34. In the alternative, cause exists to convert this case to chapter 7. 11 U.S.C. § 1112(b)(4). Debtor has no ongoing business to reorganize, and a chapter 7 trustee may liquidate non-exempt estate assets for the benefit of creditors. Should the Court determine that neither appointment of a chapter 11 trustee nor conversion of chapter 7 is in the best interests of creditors, then this case should be dismissed under 11 U.S.C. § 1112(b)(4).

## **Conclusion**

For these reasons, the United States Trustee requests the Court to order the appointment of a Chapter 11 Trustee. In the alternative, the United States Trustee seeks conversion of this

case to chapter 7 or dismissal. The United States Trustee requests any other relief to which he is entitled.

DATED: August 10, 2017

Respectfully submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

/s/ Erin Marie Schmidt
Erin Marie Schmidt
Texas State Bar No. 24033042
Erin.Schmidt2@usdoj.gov
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX   75242
(214) 767-1075

CERTIFICATE OF CONFERENCE

On August 10, 2017, I conferred with Areya Holder Aurzada, attorney for Debtor.  Debtor is opposed to the relief requested in this motion.

   /s/  Erin Marie Schmidt
Erin Marie Schmidt

CERTIFICATE OF SERVICE

       I certify that I sent a copy of the foregoing document via ECF or via first class United States mail on August 10, 2017, to the following:

                                                /s/ Erin Marie Schmidt
                                                Erin Marie Schmidt

**Burt Lee Burnett**
PO Box 1521
Abilene, TX 79601
Via U.S. Mail, Postage Prepaid

**Areya Holder**
Holder Law
800 W. Airport Freeway, Suite 800
Irving, TX 75062
Via ECF: areya@holderlawpc.com

**Mark A. Nacol**
The Nacol Law Firm PC
990 S. Sherman Street
Richardson, TX 75081
Via ECF: mnacol@nacollawfirm.com

**Stacy B. Loftin**
Adams, Lynch and Loftin, P.C.
3950 Highway 360
Grapevine, TX 76051
Via ECF: sbl@all-lawfirm.com

**Synchrony Bank**
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541
Via ECF: claims@recoverycorp.com

**Kelly Gill**
McMahon, Surovik, Suttle, et al
P.O. Box 3679
Abilene, TX 79604
Via ECF: kgill@mcmahonlawtx.com