UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BURT LEE BURNETT | § | CASE NUMBER 17-42678-rfn7 |
| | § | |
| Debtor | § | CHAPTER 7 |
| | § | |

**KINSALE INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE AMICUS
BRIEF REGARDING INSURANCE COVERAGE AVAILABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

KINSALE INSURANCE COMPANY ("Kinsale") files this Motion for Leave to File

Amicus Brief Regarding Insurance Coverage Availability according to Local Rule 7.2.[1]

*Interest of Kinsale Insurance Company*

1.       As set forth in the amicus brief, attached hereto, Kinsale provided a policy of

insurance to Debtor, Burt Lee Burnett, an attorney.  Debtor has been sued by a former client,

Aylois Cook, who alleges that Debtor committed malpractice in connection with that

representation.  However, the facts as alleged by Mr. Cook demonstrate that Debtor will not have

coverage for Mr. Cook's claims, should Mr. Cook succeed in the prosecution of those claims.

2.       Local Rule 7.2 requires a party filing an amicus brief to identify its interest in the

outcome of the litigation at issue.  As insurer to Debtor, Kinsale has no direct interest in the

outcome of Debtor's bankruptcy proceeding.  However, Aylois Cook can only collect a judgment

on his claim in the event that a third party, such as Kinsale, can be made to pay the debt for Debtor.

To that extent, the Court may be inclined to subject Debtor to civil litigation in the state court on

---

[1] Kinsale notes that the Local Bankruptcy Rules do not contain a specific provision regarding the filing of amicus briefs.  Therefore, out of an abundance of caution, Kinsale files the instant Motion for Leave in order to comply with the Local Rules pertaining to civil practice before the courts of the Northern District of Texas

the belief that the Kinsale policy may afford coverage to Debtor in the event of an adverse judgment.  Mr. Cook has filed a Motion to Lift Stay filed by Aylois Cook (Dkt. 22) in order to pursue this claim.  However, as made clear in the attached amicus brief, no such coverage actually exists.  Therefore, a lift of the stay would only subject Debtor to litigation for no reason.

*Conclusion*

3.      In order to demonstrate why coverage is wanting, Kinsale seeks leave to file the attached amicus brief regarding the (non) existence of coverage for Mr. Cook's claims.

Respectfully submitted:

*/s/ Gregory S. Hudson*

Gregory S. Hudson
State Bar No. 00790929
Southern District Bar Number 19006
COZEN O'CONNOR
LyondellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas  77010
(832) 214-3900
(832) 214-3905 (Fax)
ghudson@cozen.com

**ATTORNEYS FOR PLAINTIFF KINSALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served electronically upon all counsel of record in accordance with the Federal Rules of Civil Procedure on September 18, 2017.

Areya Holder
Holder Law
800 W. Airport Freeway, Suite 800
Irving, Texas 75062

Erin Marie Schmidt
United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242-0996

Mark A. Nacol
The Nacol Law Firm PC
990 South Sherman Street
Richardson, Texas 75081

*/s/ Gregory S. Hudson*
Gregory S. Hudson

LEGAL\32529496\1