Stacy B. Loftin
State Bar No. 12489500
M. Chad Berry
State Bar No. 24001730
ADAMS, LYNCH & LOFTIN, P.C.
3950 Highway 360
Grapevine, Texas 76051-6748
Telephone: (817) 552-7742
Facsimile:  (817) 283-3942
Email:  sbl@all-lawfirm.com
         cberry@all-lawfirm.com

ATTORNEYS FOR FIRST BANK TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BURT LEE BURNETT,** | § | |
| | § | **CASE NO. 17-42678-RFN7** |
| | § | |
| Debtor. | § | **CHAPTER 7** |
| | § | |

**MOTION FOR RELIEF FROM THE AUTOMATIC
STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)**

PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT U.S. COURTHOUSE, 501 W. TENTH STREET, RM. 204, FORT WORTH, TX  76102-3643, BEFORE CLOSE OF BUSINESS ON JANUARY 18, 2018, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.

COMES NOW First Bank Texas ("First Bank"), a secured creditor and party in interest of Burt Lee Burnett ("Debtor"), and files this Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Personal Property) pursuant to § 362(d) of the Bankruptcy Code, and in support thereof would respectfully show the Court:

1. A voluntary petition for relief under Chapter 11 of the Bankruptcy Code was filed by Debtor on June 30, 2017 (the "Petition Date"). Debtor's Chapter 11 Bankruptcy proceeding was converted to a Chapter 7 Bankruptcy proceeding on September 7, 2017.

2. John Dee Spicer has been appointed as the Chapter 7 Trustee in this Bankruptcy cause.

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This motion commences a core proceeding under 28 U.S.C. § 157(b)(2)(G).

4. Debtor executed a Promissory Note dated May 22, 2015 in the original principal amount of $308,000.00 payable to First Bank ("First Note"). A true and correct copy of the First Note is attached hereto as Exhibit "A," and incorporated herein by reference to the same as if fully copied and set forth at length.

5. The indebtedness evidenced by the First Note is secured by a security interest in a 2012 Dodge Ram 2500, VIN No. 3C6UD5DL2CG301027 ("First Vehicle"), as described in the Commercial Security Agreement ("First Security Agreement"). The First Security Agreement contains a cross-collateralization provision. True and correct copies of both the First Security Agreement and the title for the First Vehicle are attached hereto as Exhibit "B," and incorporated herein by reference to the same as if fully copied and set forth at length.

6. First Bank timely filed one (1) secured proof of claim on July 25, 2017 on the First Note and First Security Agreement – Claim No. 3 ("First Proof of Claim").

7. Debtor executed a Promissory Note dated February 17, 2016 in the original principal amount of $85,693.00 payable to First Bank ("Second Note"). A true and correct copy of the Second Note is attached hereto as Exhibit "C," and incorporated herein by reference to the same as if fully copied and set forth at length.

8. The indebtedness evidenced by the Second Note is secured by a security interest in a 2016 Cadillac Escalade, VIN No. 1GYS3KKJ5GR276630 ("Second Vehicle"), as described in the Commercial Security Agreement ("Second Security Agreement"). The Second Security Agreement contains a cross-collateralization provision. True and correct copies of both the Second Security Agreement and the title for the Second Vehicle are attached hereto as Exhibit "D," and incorporated herein by reference to the same as if fully copied and set forth at length.

9. First Bank timely filed one (1) secured proof of claim on July 25, 2017 on the Second Note and Second Security Agreement – Claim No. 7 ("Second Proof of Claim").

10. TLC perfected its security interest in the First Vehicle and Second Vehicle.

11. Debtor has defaulted under the terms of the First Note. Pursuant to the First Note and First Proof of Claim, First Bank is owed the amount of $269,661.42, including principal and interest through the Petition Date. Interest on the First Note continues to accrue. *See* First Proof of Claim.

12. Debtor has defaulted under the terms of the Second Note. Pursuant to the Second Note and Second Proof of Claim, First Bank is owed the amount of $80,809.43, including principal and interest through the Petition Date. Interest on the Second Note continues to accrue. *See* Second Proof of Claim.

13. First Bank is not adequately protected. No adequate protection payments have been paid to First Bank since the Petition Date.

14. Debtor has defaulted post-petition under the terms of the First Note, First Security Agreement, Second Note, and Second Security Agreement.

15. As a result of the Automatic Stay provided for under § 362 of the Bankruptcy Code ("Stay"), First Bank is prevented from foreclosing its liens on the First Vehicle and Second Vehicle.

16. By reason of all of the foregoing, cause exists for vacating the Stay because the delay in foreclosing its liens on the First Vehicle and Second Vehicle resulting from the Stay does not benefit any creditor, but on the contrary, causes further harm and damage to First Bank.

17. The First Vehicle and Second Vehicle are not necessary to an effective reorganization of Debtor.

18. First Bank lacks adequate protection for its interest in the First Vehicle and Second Vehicle because:

   (a) Debtor has no equity in the First Vehicle and Second Vehicle;

   (b) Debtor has insufficient income from which to make any periodic cash payments to First Bank; and

   (c) Debtor has insufficient assets with which to provide a replacement lien or to supply the "indubitable equivalent" of First Bank's interest in the First Vehicle and Second Vehicle.

19. Pursuant to § 362(d) of the Bankruptcy Code, First Bank is entitled to relief from the Stay on at least the following grounds:

   (a) First Bank lacks adequate protection of its interest in the First Vehicle and Second Vehicle;

  (b)  Debtor has no equity in the First Vehicle and Second Vehicle; and

  (c)  Debtor's interest in the First Vehicle and Second Vehicle is not necessary to the Debtor's effective reorganization.

20. Pursuant to the terms of the First Note and Second Note, Debtor is liable for all costs and attorney's fees incurred by First Bank for collection of the indebtedness represented by the First Note and Second Note and for pursuing the First Vehicle and Second Vehicle as collateral under the First Note, First Security Agreement, Second Note, and Second Security Agreement.  Therefore, First Bank is entitled to recover from Debtor its reasonable attorney's fees and costs as a result of having to file this Motion and in pursuing the prosecution of this Motion.

WHEREFORE, First Bank prays that the Court enter an order vacating Stay as it affects the First Vehicle and Second Vehicle and all rights of First Bank in and to the First Vehicle and Second Vehicle, including the right to foreclose its liens and resell the First Vehicle and Second Vehicle and thus terminating any interest Debtor may have in the First Vehicle and Second Vehicle, and to take such action as is provided for in the First Note, First Security Agreement, Second Note, and Security Agreement, and awarding First Bank its reasonable attorney's fees and costs, and for such other and further relief as is just.

Respectfully submitted,

ADAMS, LYNCH & LOFTIN, P.C.
3950 Highway 360
Grapevine, Texas 76051
Email: sbl@all-lawfirm.com
cberry@all-lawfirm.com
Telephone: (817) 552-7742
Fax: (817) 328-2942

By: /s/ Chad Berry
STACY B. LOFTIN
State Bar No. 12489500
M. CHAD BERRY
State Bar No. 24001730

ATTORNEYS FOR FIRST BANK TEXAS

**CERTIFICATE OF CONFERENCE**

I hereby certify that a conference was held with counsel for the Chapter 7 Trustee on January 3, 2018 and such counsel has indicated that the motion is unopposed.

I hereby certify that a conference was held with counsel for the Debtor on January 3, 2018 and such counsel has indicated that the Debtor is reviewing his options with respect to the 2016 Cadillac Escalade.

/s/ Chad Berry
CHAD BERRY

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing instrument was forwarded electronically to those parties identified below that are Registered ECF Users, or was mailed to the parties identified below, on the 4th day of January 2018.

**Debtor:**
Burt Burnett
P.O. Box 1521
Abilene, Texas 79601

**U.S. Trustee:**
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242-1496

W:\17\17021 FSTB\Ch 7 Bankruptcy\Motion for Relief from Stay.Vehicles.doc

| | |
|---|---|
| **Chapter 7 Trustee:**<br>John Dee Spicer<br>Cavazos Hendricks Poirot & Smitham, P.C.<br>900 Jackson St., Suite 570<br>Dallas, Texas 75202 | **U.S. Trustee:**<br>Erin Schmidt<br>Office of the United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, Texas  75242-1496 |
| **Chapter 7 Trustee's Attorney:**<br>Anne Elizabeth Burns<br>Cavazos Hendricks Poirot & Smitham, P.C.<br>Suite 570, Founders Square<br>900 Jackson St.<br>Dallas, Texas 75202-4425 | **Debtor's Attorney:**<br>Areya Holder<br>Holder Law<br>800 W. Airport Freeway, Suite 800<br>Irving, Texas 75062 |
| **Parties Requesting Notice:**<br>Mark Nacol<br>The Nacol Law Firm, P.C.<br>990 S. Sherman Street<br>Richardson, Texas 75081 | **Parties Requesting Notice:**<br>Peri H. Alkas<br>Phelps Dunbar, LLP<br>500 Dallas St., Suite 1300<br>Houston, Texas 77002 |
| Valerie Smith<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, Virginia  23541 | Deborah M. Perry<br>Munsch Hardt Kopf & Harr, P.C.<br>500 North Akard St., Suite 3800<br>Dallas, Texas 75201 |
| Kelly Gill<br>McMahon Surovik Suttel, P.C.<br>P.O. Box 3679<br>Abilene, Texas  79604-3679 | Eboney D. Cobb<br>Perdue Brandon Fielder Collins & Mott<br>500 E. Border St, Suite 640<br>Arlington, Texas 76010 |
| Allison Jayne Maynard<br>Wilson Elser Moskowitz Edelman & Dicker<br>Bank of America Plaza<br>901 Main Street, Suite 4800<br>Dallas, Texas 75202 | Gregory S. Hudson<br>Cozen O'Connor<br>1221 McKinney, Ste. 2900<br>Houston, Texas 77010 |
| Anna Jeannette Hart<br>Benedict V. James<br>Sandoval James, PLLC<br>11130 Jollyville Rd., Ste. 100<br>Austin, Texas | Charles Dick Harris<br>Law Office of Dick Harris, PC<br>P.O. Box 3835<br>Abilene, Texas 79604 |

/s/ Chad Berry
Chad Berry