

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 8, 2018**

_____
**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | Case No. 17-42678-rfn-7 |
| BURT LEE BURNETT, | § | |
| | § | Hearing Date: June 5, 2018 |
| DEBTOR. | § | Hearing Time: 1:30 P.M. |
| | § | |

## ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES: 60.26 ACRES IN ANSON, JONES COUNTY, TEXAS

Came on for consideration the **Trustee's Motion for Authority to Sell Property Free and Clear of Liens, Claims, and Encumbrances: 60.26 Acres in Anson, Jones County, Texas** [Docket No. 188] (the "Motion") filed by John Dee Spicer, Chapter 7 Trustee (the "Trustee"), on May 11, 2018. The Trustee's counsel appeared and represented to the Court the terms of the sale and that no objections to the Motion have been filed. The Court, having determined that proper notice pursuant to Bankruptcy Rule 6004(c) was given to all creditors, lienholders, and parties-in-interest; that this Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334 and this is a core

proceeding pursuant to 28 U.S.C. § 157; and having considered the representations of counsel, is of the opinion that the sale described in the Motion represents the exercise of good business judgment by the Trustee and should be approved. It is therefore,

**ORDERED** that the relief requested in the Motion is hereby granted pursuant to 11 U.S.C. § 363(b) and (f); it is further

**ORDERED** that the Trustee (sometimes referred to herein as the "Seller"), be and hereby is, authorized to sell the bankruptcy estate's undivided one-half interest in 60.26 acres of unimproved commercial real property located in Anson, Jones County, Texas (the "Property"), being described more fully as:

a. the tracts of land consisting of approximately 60.26 acres located in Anson, Jones County, Texas (collectively, the "Land"), being described more fully as:

**PARCEL 1**:

**BEING a tract of land out of Survey 14, Block 1, T & N O RR Company Land, and being the same land conveyed by Clifford Thorn, et ux, to Clyde Tidwell by Deed dated December 20, 1945, recorded in Volume 289, Page 178, Deed Records, Jones County, Texas, described by metes and bounds as follows:**

**BEGINNING at the point of intersection of the WBL of Commercial Avenue with the SBL of Section 14, Block 1, T & NO RR Co. Land and with the said Anson City Addition SBL of Section 14, Block 1, T & N 0 RR Co. Land for the SE corner of this tract;**

**THENCE West with the said SBL of Section 14, Block 1, T & N O RR Co. Land and with the said Anson City Addition SBL 110 feet to corner for the SW corner of this tract;**

**THENCE N. 37° West with fence line 1779 feet for corner;**

**THENCE N. 29° 40' West with fence line 400 feet to fence corner, the NW corner of same for the NW corner of this tract;**

**THENCE S. 88° 50' East with fence line 1379 feet to fence corner, the point of intersection of said fence with the SBL of Commercial Avenue extended North for the NE corner of this tract;**

THENCE South with said WBL of Commercial Avenue 1740 feet to the place of beginning, containing as per above field notes 30.81 acres of land;

SAVE AND EXCEPT a tract of land containing 6.024 acres, conveyed to the Trustees of the Northside Baptist Church by Deed dated February 1, 1978, recorded in Volume 608, Page 303 of the Deed Records, Jones County, Texas;

ALSO SAVE AND EXCEPT all that part of Tract One above described which lies South of the South lines of Lots 1 O and 3 in Block 69 of the Anson City Addition, and being all of Lots 7, 8 and 9, and portions of Lots 4, 5 and 6 lying within the boundaries of said Tract One above, described, leaving a net acreage of 24.629 acres, more or less.

PARCEL 2:

BEING a tract of land situated in Jones County, Texas, and being 40.09 acres out of a 49.15 acre tract out of the NW part of the E/2 of Section 14, Block 1, T & N O RR Co. Lands, described as follows:

BEGINNING at a corner fence post set in the NB fence line of the Clyde Tidwell 30.65 acre tract, for the SW corner of the J. D. Pickens 57.78 acre tract out of E/2 of Section 14, Block 1, T & NO RR Co. Land and out of the Anson City Addition to the Town of Anson, said corner also being 30 feet South of the NBL of Block 36 of the said Anson City Addition and 488.5 feet N. 89° 5' W. from point of intersection of the said Clyde Tidwell NB fence line and the J. D. Pickens 57.78 acre tract SB fence line with the WB line of Commercial Avenue extended North;
THENCE North 89° 5' W. with the said Clyde Tidwell 30.65 acre tract NB fence line 890.5 feet to the NW fence Corner of the said 30.65 acre tract for a corner of this tract, and for a NE corner of the said 9.06 acre tract;

THENCE North 37.25° W. with the said 9.06 acre NB fence line 100 feet North 33° 50' W. 225 feet; N. 24° 34' W. 700 feet; S. 75° W. 42.5 feet; to corner fence post in the WB line of the said 49.15 acre tract for the NW corner of the said 9.06 acre tract and the SW corner of this tract;

THENCE North 4° 5' W. with the said 49.15 acre tract, WB fence line 200 feet;

THENCE North 8° 5' W. with said fence line 300 feet to the NW fence corner of this tract, and for the NW corner of the said 49.15 acre tract;

THENCE South 89° 20' E. with the NB fence line through Anson City Addition Blocks Nos. 1, 2, 3, 4, 1487 feet to corner fence post in the WBL of the J. D. Pickens 57.78 acre tract for the NE corner of this tract;

THENCE South 0° 55' W. with the said J. D. Pickens 57.78 acre tract WB fence line through Blocks 4, 13, 20 and 29, at 1386.4 feet to the place of beginning and

containing 40.0 acres, and being the same tract conveyed by Phillip Johnson, et ux to Clyde Tidwell by Deed dated April 19, 1948, recorded in Volume 323, Page 385, Deed Records, Jones County, Texas.

PARCEL 3:

BEING 0.723 acres of land out of the mid-part of a 6.852 acre tract being the south 105 feet of a 2.066 acre tract out of the mid-east part of Section 14, Block 1, T & NO RR. Co. Surveys, Jones County, Texas, situated on the north edge of Anson, Jones County, Texas, said 0.723 acres being more particularly described as follows:

BEGINNING at a 1/2" rebar in the west line of U.S. Highway No. 83 and 277 for the Southeast corner of this tract same being the Southeast corner of said 2.066 acre tract whence the South Boundary Line of said Section 14 is said to bear South 1275 feet;

THENCE West 300.00 feet to a 1/2" rebar the southwest corner of this tract and said 2.066 acre tract;

THENCE North 105.00 feet to a 1/2" rebar the northwest corner of this tract;

THENCE East 300.00 feet to a 1/2" rebar on the west line of said Highway No. 83 and 277 for the northeast corner of this tract;

THENCE South 105.00 feet with said west line to the place of beginning and containing 0.723 acres of land, more or less.

SAVE AND EXCEPT FROM PARCEL 3, TRACTS A, B, AND C, DESCRIBED AS FOLLOWS:

Tract A:

BEING 0.723 acres of land out of the north part of a 6.852 acre tract being 105 feet in width lying north of and adjacent to a 2.066 acre tract out of the mid-east part of Section 14, Block 1, T & NO RR Co. Surveys, Jones County, Texas, situated on the north edge of Anson, Jones County, Texas, said 0.723 acres being more particularly described as follows:

BEGINNING at a 1/2" rebar in the west line of U.S. Highway No. 83 and 277 for the Southeast corner of this tract same being the northeast corner of said 2.066 acre tract whence the South Boundary Line of said Section 14 is said to bear South 1575 feet;

THENCE West 300.00 feet to a 1/2" rebar the southwest corner of this tract and the northwest corner of said 2.066 acre tract;

THENCE North 105.00 feet to a 1/2" rebar the northwest corner of this tract; THENCE East 300.00 feet to a 1/2" rebar on the west line of said Highway No. 83 and 277 for the northeast corner of this tract;

THENCE South 105.00 feet with said west line to the place of beginning and containing 0.723 acres of land, more or less.

Tract B:

BEING a 3.202 acre tract of land and being off of the south side of a 6.852 acre tract out of the mid-east part of Survey No. 14, Block No. One (1), T & NO RR Co. Lands in Jones County, Texas, and is situated on the north edge of Anson, Jones County, Texas.

BEGINNING at an iron pin in the west R.O.W. line of U.S. Highway #83 & #277 (Commercial Avenue extended) 750.0 feet north of the south boundary line of Survey #14 Block #1 of T & N O RR Company Survey for the NE Corner of a 6.024 acre tract conveyed to the Trustee's of the Northside Baptist Church by Warranty Deed recorded in Vol. #608 page #303 of the Deed Records of Jones County, Texas, and for the SE Corner of aforesaid 6.852 acre tract, being the SE Corner of a 24.629 acre tract as described in Tract One in Warranty Deed from Baptist Missionary Loan Association, Inc. to Derrell W. Black and wife, Vernice A. Black as recorded in Vol. #638 page #522 of the Deed Records of said County Clerk and for the SE Corner of this tract;

THENCE west with the north line of said Northside Baptist Church tract for 300.0 feet to an iron pin for the SW Corner of this tract;

THENCE north parallel with the east line of this tract for 465.0 feet to an iron pin for the NW Corner of this tract;

THENCE east parallel with the south line of this tract for 300.0 feet to an iron pin in the west R.O.W. line of aforesaid Highway #83 & #277 for the NE Corner of this tract;

THENCE south with the west R.O.W. line of said Highway for 465.0 feet to the place of beginning. Tract C:

BEING a 2.066 acre tract out of the mid-part of a 6.852 acre tract out of the mid-east part of Survey #14 Block #1 of T & NO RR Company Survey, Jones County, Texas, and is situated on the north edge of Anson, Jones County, Texas.

BEGINNING at an iron pin in the west R.O.W. of U.S. Highway #83 & #277 (Commercial Avenue extended) 1275.0 feet north of the south boundary line of Survey #14 Block #1 of T & NO RR Company Survey for the SE corner of this tract. Said corner being 525.0 feet north of the SE Corner of said 6.852 acre tract;

**THENCE west for 300.0 feet to an iron pin in the west line of said 6.852 acre tract for the SW Corner of this tract;**

**THENCE north with the west line of said 6.852 acre tract and parallel with the east line of this tract for 300.0 feet to an iron pin for the NW Corner of this tract;**

**THENCE east parallel with the south line of this tract for 300.0 feet to an iron pin in the west R.O.W. line of said Highway #83 & #277 for the NE Corner of this tract;**

**THENCE south with the west R.O.W. line of said Highway 300.0 feet to the place of beginning;**

together with all interest, if any, of Seller in strips or gores, if any, between the Land and abutting properties and any land lying, in or under the bed of any street, alley, road or right-of-way, opened or proposed, abutting or adjacent to the Land;

      b.      all buildings, structures, and improvements on the Land, if any (herein referred to as the "Improvements");

      c.      all rights, titles and interests of Seller in and to all oil, gas, hydrocarbons and all other minerals in, on, or under, or that may be produced from the Land;

      d.      all of Seller's interest in leases, subleases and rental agreements (written or verbal, now or hereafter in effect, if any) that grant a possessory interest in or that otherwise grant rights with regard to use of all or any portion of the Land;

      e.      all rights, titles and interests of Seller in and to any easements, rights-of-way, rights of ingress or egress or other interests in, on, or to, any land, highway, street, road or avenue, open or proposed, in, on, across, in front of, abutting, or adjoining the Land;

      f.      all other rights, privileges and appurtenances owned by Seller and in any way related to the property interests described above in this paragraph;

to W. L. BURKE, III, an individual, and/or his assigns (the "Purchaser"), for the price of

$14,311.75 cash (the "Purchase Price"), free and clear of any and all liens, claims, and

encumbrances, including, but not limited to certain standby fees, taxes and assessments by any

*ad valorem* taxing authority for the prior tax years (collectively, the "Property Tax Liens") (But

see following paragraphs concerning the year of closing taxes [i.e., 2018 taxes].); it is further

**ORDERED** that from the proceeds of the sale the Trustee is/are authorized to:

    a.    pay usual and customary closing costs;

    b.    pay the holder(s) thereof, as the case maybe, any amount necessary to satisfy the Property Tax Liens then due against the Property along with a pro rata share of the then current year's property taxes; and

    c.    pay to the Trustee the balance of the sales proceeds for distribution in accordance with further orders of this Court; it is further

**ORDERED** that the disbursements made from the funds constituting the Purchase Price shall be deemed the disbursement of money or turnover of money to parties in interest for the purposes of 11 U.S.C. § 326(a) of the Bankruptcy Code; it is further

**ORDERED** that the sale of the Property shall be, and hereby is, free and clear of any liens, claims, or encumbrances, with the validity, amount and priority of such lien, claim or encumbrance to be determined by this Court at a later date and to attach to the proceeds of the sale; it is further

**ORDERED** that, notwithstanding the foregoing paragraph, the year of closing *ad valorem* tax lien shall be expressly retained on the Property until the payment by the Purchaser (or its assigns) of the year of closing taxes, plus any penalties or interest which may ultimately accrue thereon, in the ordinary course of business; it is further

**ORDERED** that the stay provisions of Bankruptcy Rule 6004(h) **shall not** apply to this order and the closing may occur without a 14-day waiting period; and it is further

**ORDERED** that the Trustee and the Purchaser are hereby AUTHORIZED and DIRECTED to take all other reasonable and necessary actions to consummate the sale and transfer of the Property from the bankruptcy estate to the Purchaser, including the execution of all other reasonable and necessary documents and instruments of amendment, revision, assignment, transfer and sale that are appropriate to implement and consummate the sale of the

Property to the Purchaser pursuant to this Order and the intent of the Motion, including

extensions of the closing date deemed reasonable by the Trustee.

### ### END OF ORDER ###

Order drafted by:

Anne Elizabeth Burns
State Bar No. 24060832
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7343
Fax (214) 573-7399
Email: aburns@chfirm.com

Attorneys for John Dee Spicer,
Chapter 7 Trustee